IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUCO SECURITIES, LLC, and PRUDENTIAL INSURANCE AGENCY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS E. INLAY, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 5:10 - CV - 4072 |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION
AND MOTION FOR EXPEDITED DISCOVERY**

COME NOW Plaintiffs, The Prudential Insurance Company of America, Pruco Securities, LLC and Prudential Insurance Agency, LLC (collectively, "Prudential" or "the Company") and respectfully request that this Court grant a Temporary Restraining Order and Preliminary Injunction against Defendant Douglas E. Inlay ("Inlay" or "Defendant"). In support of this Motion, Prudential submits the accompanying Complaint for Injunctive Relief, Memorandum of Law, the Declaration of Kathy McGuire, dated July 26, 2010, and the Emergency Declaration of Daniel B. Shuck, dated July 26, 2010, and states as follows:

1. Defendant Inlay was affiliated with Prudential in its Midwestern Agency until July 1, 2010, when his affiliation with Prudential terminated.

2.     Prudential is informed and believes that Inlay is in wrongful possession of its confidential and proprietary business and customer information. In addition, Prudential has learned that, in violation of his restrictive and other covenants entered into between Inlay and Prudential, Inlay has made unauthorized disclosures of Prudential customers' confidential and personal information to a third party, and wrongfully solicited Prudential clients to switch their business from Prudential before the termination of his affiliation with Prudential.

3.     The records of Prudential, including client names, addresses, telephone numbers, and contract data, must be kept confidential pursuant to well-established law and Company policy.  Inlay also acknowledged in his agreements with Prudential that he would treat Prudential records as confidential and not disclose them to any third party either during his association with the Company or at any time thereafter, except in the performance of his duties for the Company.  Moreover, these agreements provide that Prudential retained a proprietary ownership interest in client information acquired or recorded during the term of his affiliation and to immediately return all such documents and information to Prudential upon the termination of his affiliation with Prudential.

4.     As a condition of his affiliation with Prudential, Inlay also executed agreements containing restrictive covenants which prohibited him, for a period of two years from the termination of his position, from soliciting Prudential's customers.

5.     In the event of breach of these agreements (to return Prudential information and not to solicit clients), Inlay expressly consented to the issuance of a temporary restraining order.

6.     Based on documents retrieved from Inlay's office prior to his resignation, it appears that he has been faxing to a competitor, Agency One Insurance ("Agency One"), confidential and personal client information for Prudential clients, including but not limited to policy and account numbers and related information.  On information and belief, Inlay was sending the confidential and proprietary documents and information in a purposeful scheme to leave Prudential for Agency One and to solicit the clients he served at Prudential to cancel their current policies and replace them with MetLife policies through Agency One.

7.     Moreover, unknown to Prudential at the time, the Iowa Division of Insurance revoked Inlay's Iowa insurance license pursuant to Administrative Law Judge Heather L. Palmer's Proposed Decision and Order, dated May 28, 2010, which became final on or about June 29, 2010.  Inlay's insurance license was revoked for repeated misconduct, including making misrepresentations on insurance applications, violating Iowa insurance laws, committing unfair insurance trade practices, and forging signatures on an insurance application.  In violation of Prudential policies, Inlay failed to report to Prudential management, in contravention of his obligations under regulatory reporting requirements and Company policy, that he was under investigation by the Iowa Division of Insurance,

that there was a hearing on five separate customer complaints stemming from Inlay's misconduct, or that an administrative law judge had issued a proposed decision and order to revoke his Iowa insurance license.

8.     Shortly before and after Inlay's resignation, Inlay refused to submit to an interview, or to permit Prudential to inspect his office and his computers.

9.     In addition, at least 140 client files serviced by Inlay at Prudential are missing.

10.     Inlay's solicitation of Prudential's clients could only have been accomplished through the wrongful use of Prudential's confidential and proprietary records.   In violation of applicable law, Inlay has converted Prudential's trade secrets for his own benefit.

11.     As a result of Inlay's wrongful conversion and misappropriation of Prudential's confidential and proprietary business and customer information, and Inlay's improper solicitation of Prudential's clients, Prudential has been and will continue to be irreparably harmed by the disclosure of its trade secrets and customer lists, the loss of its good will and business reputation, and the loss of revenue, which is impossible to ascertain at this time.

12.     The name on his office that Inlay is now using to do business "Doug Inlay Insurance & Financing Services," is the very same name that appeared on his office window prior to his resignation from Prudential, which creates a great likelihood of confusion among Prudential's customers.   Moreover, Inlay's operating

and selling of insurance in Iowa now is in direct violation of the Insurance Department's decision revoking his Iowa insurance license.

13.   Additionally, Inlay's business answering machine still mentions Prudential, which can mislead Prudential's customers into thinking that Inlay is still associated with Prudential.

14.   Contemporaneously herewith, Prudential is commencing an arbitration proceeding against Inlay before the Financial Industry Regulatory Authority ("FINRA"), which was created in July 2007 through the consolidation of the National Association of Securities Dealers, Inc. (the "NASD") and the member regulation, enforcement and arbitration functions of the New York Stock Exchange. Prudential has the express right to seek temporary injunctive relief from this Court pending the outcome of arbitration before a full panel of duly appointed arbitrators pursuant to Rule 13804 of the Code of Arbitration Procedure for Industry Disputes for FINRA, before which Prudential will seek, inter alia, permanent injunctive relief against Defendant.   This is the only avenue available to prevent further misappropriation of Prudential's trade secrets and irreparable harm to Prudential's business, pending arbitration of this claim.

16.   The threat of irreparable harm is imminent and on-going.  Plaintiffs have no adequate remedy at law and the immediate granting of injunctive relief is the only mechanism to preserve the status quo pending resolution of this dispute by FINRA. Unless injunctive relief is granted, Defendant will be continue to be free to

use Prudential's confidential trade secrets and solicit Prudential's clients until a FINRA arbitration hearing can be held.

WHEREFORE, Plaintiffs prays that this Court grant the following relief and order that:

1.      Defendant Inlay, and all those acting in concert with him, including but not limited to his employees, representatives and agents, be temporarily enjoined and restrained, directly or indirectly, from:

>      (a)      using, disclosing or transmitting for any purpose any confidential or proprietary information belonging to Prudential and/or any affiliate of Prudential, or which Prudential and/or any affiliate of Prudential is obligated to protect, including but not limited to the names, addresses, and telephone numbers of customers and their financial information;

>      (b)      soliciting any business (with respect to any product or service of the type issued or marketed by Prudential) from any client whom Inlay served or whose name became known to him during the course of his association with Prudential; and

>      (c)      destroying any of the records or client information of Prudential and/or any affiliate of Prudential, or which Prudential and/or any affiliate of Prudential is obligated to protect.

2.      That Inlay, and all those acting in concert with him, including but not limited to his employees, representatives and agents, be further ordered to deliver any and all original Prudential records and software, copies or other reproductions thereof, and any other documents containing information derived from those records, in whatever form, including electronic or computerized versions, to Prudential's counsel's office, located at US Bank Building, 501 Pierce St., Ste. 205,

Sioux City, Iowa 51101, within twenty-four hours of notice to Inlay or his counsel of the temporary restraining order.

3.      That Inlay be further ordered to remove from his business answering phone machine any reference to Prudential, within twenty-four hours of notice to Inlay or his counsel of the temporary restraining order.

4.      That the temporary restraining order be binding upon Inlay, his agents, employees, representatives, any entity with which Inlay is affiliated, and all those in active concert or participation with him who receives actual notice of the order;

5.      That the order remain in full force and effect for a period no less than ten business days pursuant to Fed. R. Civ. P. 65;

6.      That Prudential be granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court, including the right to inspect Inlay's personal and office computers to ensure compliance with the temporary restraining order;

7.      That the parties be directed to proceed with arbitration in accordance with Rule 13804 of the Code of Arbitration Procedure for Industry Disputes for FINRA; and

8.      That Inlay be required to show cause why the temporary restraining order should not be converted into a preliminary injunction, at a hearing before this Court.

DATED:      July 26, 2010

Respectfully submitted,


/s/ Daniel B. Shuck
DANIEL B. SHUCK    AT0007141
SHUCK LAW FIRM
US Bank Bldg.
501 Pierce Street, Suite 205
Sioux City, IA 51101
Telephone: (712)258-0121
Facsimile: (712)258-0125
E-mail: dan.shuck@shucklawfirm.com

ATTORNEY FOR PLAINTIFFS