IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUCO SECURITIES, LLC, and PRUDENTIAL INSURANCE AGENCY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS E. INLAY, <br><br> Defendant. | Case No. 5:10-cv-4072 |

**PROPOSED TEMPORARY RESTRAINING ORDER AND ORDER FOR EXPEDITED DISCOVERY**

Upon consideration of the Complaint of Plaintiffs, The Prudential Insurance Company of America, Pruco Securities, LLC and Prudential Insurance Agency, LLC (collectively, "Prudential"), Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and Motion for Expedited Discovery, the Declaration of Kathy McGuire, dated July 26, 2010, the Emergency Declaration of Daniel B. Shuck, dated July 26, 2010, and having considered the arguments of counsel, the Court finds as follows:

1.   Under Rule 13804 of the Code of Arbitration Procedure for Industry Disputes for the Financial Industry Regulatory Authority ("FINRA"), Prudential has the express right to seek temporary and preliminary injunctive relief from a court of competent jurisdiction pending an arbitration hearing before a full panel of duly-appointed arbitrators before FINRA;

2. Prudential has established a reasonable likelihood of success on the merits of its claims for injunctive relief;

3. Prudential will suffer irreparable harm and loss if Defendant Douglas E. Inlay ("Inlay" or "Defendant") is permitted to misappropriate and misuse Prudential's confidential and proprietary information for Defendant's own personal use and benefit, and to improperly solicit Prudential's clients in violation of his contractual obligations;

4. Prudential has no adequate remedy at law;

5. Greater injury will be inflicted upon Prudential by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief; and

6. An injunction serves the public interest in the protection of confidential information and trade secret property and the enforcement of reasonable contractual obligations.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. A Temporary Restraining Order issue immediately and that security in the amount of $_____ be posted no later than the __ day of July, 2010.

2. Pending a hearing and determination on Prudential's application for a preliminary injunction, Inlay, and all those acting in concert with him, including but not limited to his employees, representatives and agents, are hereby enjoined and restrained from:

> (A) using, disclosing or transmitting for any purpose any confidential or proprietary information belonging to

      Prudential and/or any affiliate of Prudential, or which Prudential and/or any affiliate of Prudential is obligated to protect, including but not limited to the names, addresses, and telephone numbers of customers and their financial information;

      (B) soliciting any business (with respect to any product or service of the type issued or marketed by Prudential) from any client whom Inlay served or whose name became known to him during the course of his association with Prudential; and

      (C) destroying any of the records or client information of Prudential and/or any affiliate of Prudential, or which Prudential and/or any affiliate of Prudential is obligated to protect.

3.    Defendant, and all those acting in concert with him, including but not limited to his employees, representatives and agents, shall return all original Prudential records and software, copies or other reproductions thereof, and any other documents containing information derived from those records, in whatever form, including electronic or computerized versions, to Prudential's counsel's office, located at US Bank Building, 501 Pierce St., Ste. 205, Sioux City, Iowa  51101, within twenty-four hours of notice to Inlay or his counsel of this Order.

4.    Defendant shall remove from his business answering phone machine any reference to Prudential, within twenty-four hours of notice to Inlay or his counsel of this Order.

5.    This Order shall remain in full force and effect for ten business days, or until this Court specifically orders otherwise.

6. This Order shall be binding upon Defendant, his agents, employees, representatives, any entity with which Inlay is affiliated, and all those in active concert or participation with him who receives actual notice of this Order.

7. Prudential is granted to leave to take expedited discovery in aid of preliminary injunction proceedings before this Court, including the right to inspect Inlay's personal and office computers to ensure compliance with this Order.

8. The parties are directed to proceed with arbitration before FINRA in accordance with Rule 13804 of FINRA's Code of Arbitration Procedure for Industry Disputes.

9. Defendant shall show cause before this Court on the __ day of August, 2010 at __ o'clock __.m., or as soon thereafter as counsel may be heard, why a Preliminary Injunction should not be ordered according to the terms and conditions set forth above until a duly appointed panel of FINRA arbitrators decides Prudential's request for permanent injunctive relief.

10. Defendant's opposition papers, if any, shall be served no later than August ___, 2010; and Prudential's reply papers shall be served no later than August ___, 2010.

This Order is issued this ___ day of July, 2010.

IT IS SO ORDERED.

_____
JUDGE, UNITED STATES DISTRICT COURT