IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUCO SECURITIES, L.L.C., and PRUDENTIAL INSURANCE AGENCY, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> DOUGLAS E. INLAY, <br><br> Defendant | No. C 10-4072-MWB <br><br> **ORDER CONFIRMING ARBITRATION AWARD** |

_____

This case is before me on the plaintiffs' February 27, 2012, Motion To Confirm Arbitration Award (docket no. 31). The plaintiffs request that I enter a judgment confirming the arbitration award in their favor and against the defendant in the amount of $135,851.18 plus interest thereon at the rate of 2.12% from January 1, 2010, until and including the date paid, as well as other relief granted by the arbitrators. The plaintiffs personally served a copy of their Motion on the defendant on February 28, 2012, and filed a copy of the Return Of Service (docket no. 32) on March 9, 2012. The defendant has not filed any timely response to the plaintiffs' Motion. Indeed, the FINRA Arbitration Award (docket no. 31, Exhibit A) reflects that the defendant did not appear at the final arbitration hearing, despite having received proper service of the Statement of Claim and notice of the hearing.

"The Federal Arbitration Act (FAA), 9 U.S.C. §§ 9–11, provides judicial review to confirm, vacate, or modify arbitration awards." *Medicine Shoppe Int'l, Inc. v. Turner*

*Inv., Inc.*, 614 F.3d 485, 488 (8th Cir. 2010) (citing *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).  As the Eighth Circuit Court of Appeals recently stated,

> "The district court affords the arbitrator's decisions an extraordinary level of deference and confirms so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." [*Crawford Group, Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008)] (internal quotation marks omitted).  An arbitral award may be vacated only on grounds enumerated in the Federal Arbitration Act (FAA).  *Id.* (citing *Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 583, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008)).

*Wells Fargo Bank, N.A. v. WMR e-PIN, L.L.C.*, 653 F.3d 702, 710 (8th Cir. 2011); *Medicine Shoppe*, 614 F.3d at 488 (identifying four circumstances set out in 9 U.S.C. § 10 to vacate an arbitration award).  To put it the other way around, "'[o]n application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [title 9]."'" *Medicine Shoppe*, 614 F.3d at 489 (quoting *Hall Street*, 552 U.S. at 587, in turn quoting 9 U.S.C. § 9); *see also* 9 U.S.C. § 10 (stating grounds to vacate an arbitration award); 9 U.S.C. § 11 (stating grounds to modify or correct an arbitration award).

Granting the arbitrators' decision the extraordinary level of deference required, *see Wells Fargo Bank*, 653 F.3d at 710, I can discern no grounds for declining to confirm the arbitration award, *see* 9 U.S.C. §§ 10-11, and the defendant has identified none.  Consequently, I "must grant" the order confirming the arbitration award.  *See Hall Street*, 552 U.S. at 587; *Medicine Shoppe*, 614 F.3d at 489; 9 U.S.C. § 9.

THEREFORE, the plaintiffs' February 27, 2012, Motion To Confirm Arbitration Award (docket no. 31) is **granted**, and I **confirm** the FINRA Arbitration Award (docket no. 31, Exhibit A) in its entirety. Judgment shall enter against defendant Inlay

1. in the amount of $135,851.18, plus interest thereon at the rate of 2.12% from January 1, 2010, until and including the date paid, and

2. requiring defendant Inlay to return to the plaintiffs all of the plaintiffs' records and software, and any other documents containing information derived from those records, in Inlay's possession,

all as provided in the arbitration award.

No additional attorneys' fees or costs shall be awarded at this time, because defendant Inlay has not thus far opposed the plaintiffs' Motion To Confirm Arbitration or moved to vacate the Arbitration Award. The court reserves jurisdiction, however, to award the plaintiffs additional attorneys' fees and costs, if they are deemed appropriate in light of subsequent events.

**IT IS SO ORDERED.**

**DATED** this 11th day of April, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA